NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re:<br><br>KAMURAN CORTUK,<br><br>Debtor. | **On Appeal From:**<br>Case No.: 17-34019 (CMG)<br>Chapter 7<br>Hon. Christine M. Gravelle, U.S.B.J. |
| KAMURAN CORTUK,<br><br>Appellant,<br>v.<br><br>BANCO TURCO ROMANA,<br><br>Appellee. | Civil Action No. 19-5622 (BRM)<br>Hon. Brian R. Martinotti, U.S.D.J. |

**MARTINOTTI, DISTRICT JUDGE**

Appellant Kamuran Cortuk (the "Debtor"), Chapter 7 Debtor, appeals (ECF No. 1) the February 19, 2019 Bankruptcy Court order (ECF No. 1-1) compelling the Debtor to (1) provide unredacted copies of the Debtor's immigration documents to liquidator Marina Cornelia Saita, foreign representative to Banco Turco Romana, S.A. (the "Bank"), and (2) pay $1000 as a reasonable attorney's fee in connection with the Bank's motion to compel. The Debtor also moved (ECF No. 2) to stay the Bankruptcy Court's order pending the outcome of this appeal and filed an emergency motion (ECF No. 3) for a temporary interim stay of the Bankruptcy Court's order. This Court granted the emergency motion and stayed (ECF No. 8) the Bankruptcy Court's order pending further order of this Court. Having reviewed the parties' submissions filed in connection with the motion and having heard oral argument on March 6, 2019 pursuant to Federal Rule of Civil Procedure 78(a), and for the reasons set forth below, this appeal (ECF No. 1) is **DISMISSED FOR**

**LACK OF JURISDICTION**, the Debtor's motion (ECF No. 2) for stay pending appeal is **DISMISSED AS MOOT**, and the previously imposed stay (ECF No. 8) is **VACATED**.

## I. BACKGROUND

The Debtor is a permanent resident alien who previously came to the United States on a work visa following his conviction in a Romanian criminal trial-in-absentia. (Bank's Resp. Br. (ECF No. 14), at 4-5.) In connection with that conviction, the Debtor was ordered to pay a monetary judgment; the Bank claims entitlement to that judgment. (*Id.* at 4-5.)

As part of the underlying adversary proceeding, the Bank issued a subpoena under Federal Rule of Bankruptcy Procedure 2004 to the Debtor's former immigration law firm (separate from the Debtor's bankruptcy counsel). (Debtor's Memo. of Law (ECF No. 2-1), at 2.) The subpoena sought production of the Debtor's visa and green card applications, and other immigration documents the Debtor submitted to the U.S. Government. (*Id.*) The Debtor moved to quash that subpoena. (*Id.*) The Bankruptcy Court denied the motion to quash, holding that the immigration documents could plausibly contain information relevant to potential pre-petition fraudulent activity by the Debtor, and additional information relevant to demonstrating the Debtor's financial situation. (Hrg. Tr. (ECF No. 2-2), at 12 (Bankr. D.N.J. Oct. 16, 2018).) At a hearing, the Bankruptcy Court explained, "I don't have a problem with [the Debtor] reviewing the documents before they're produced to [the Bank]," but nonetheless denied the motion to quash. (*Id.*) The Debtor did not appeal this order.

The Debtor received the immigration documents from the immigration law firm, redacted information the Debtor deemed irrelevant to the bankruptcy proceedings and provided the Bank with the redacted documents. (ECF No. 2-1, at 4.) The Bank moved to compel production of the unredacted documents. (ECF No. 14, at 9.) The Bankruptcy Court granted the motion to compel,

holding that the redactions were inappropriate, specifically as to the Debtor's redaction of his responses concerning the Romanian criminal conviction. (Hrg. Tr. (ECF No. 2-3), at 17 (Bankr. D.N.J. Jan. 29, 2019). The Bankruptcy Court furthered ordered the Debtor to pay $1000 in attorney's fees to the Bank in connection with the Bank's motion to compel. (*Id.*)

From this order, the Debtor moved for leave to appeal. In conjunction with the appeal, the Debtor moved both for a stay of the Bankruptcy Court's order pending appeal and for an emergency interim stay pending disposition of this appeal.

## II. JURISDICTION

Before reaching the merits, this Court must determine if it has jurisdiction to hear this appeal. District courts possess two types of appellate jurisdiction over bankruptcy court orders: mandatory jurisdiction over appeals "from final judgments, orders, and decrees," and discretionary appellate jurisdiction over appeals "from other interlocutory orders and decrees." 28 U.S.C. § 158(a)(1), (3). As discussed below, the Court lacks mandatory appellate jurisdiction because the Bankruptcy Court's order is not a final judgment, order, or decree. Further, for the reasons set forth herein, the Court declines to exercise discretionary appellate jurisdiction.

### A. Mandatory Appellate Jurisdiction Over Final Bankruptcy Orders

District courts have mandatory appellate jurisdiction over appeals "from final judgments, orders, and decrees." 28 U.S.C. § 158(a)(1). Reviewing courts

> consider four factors to determine whether a [lower] court's decision in a bankruptcy case is final: (1) the impact on the assets of the bankruptcy estate; (2) the need for further fact-finding on remand; (3) the preclusive effect of a decision on the merits; and (4) the interests of judicial economy.

*In re Armstrong World Indus.*, 432 F.3d 507, 511 (3d Cir. 2005) (citing *In re Owens*, 419 F.3d 195, 203 (3d Cir. 2005)). Courts apply this four-factor test[1] against a background of "pragmatic considerations unique to this area of the law" and "have traditionally applied a relaxed standard of finality in bankruptcy cases." *Buncher Co. v. Off'l Comm. of Unsecured Creditors of GenFarm Ltd. P'ship IV*, 229 F.3d 245, 250 (3d Cir. 2000).

"Generally, pretrial discovery decisions are not considered to be final decisions subject to immediate appeal, even under this flexible approach to finality." *In re Kaiser Group Internat'l*, 400 B.R. 140, 143 (D. Del. 2009); *accord In re Royce Homes LP*, 466 B.R. 81, 89 (S.D. Tex. 2012) (collecting cases). The result is no different simply because the discovery order includes an order for attorney fees. *See Cunningham v. Hamilton Cty.*, 527 U.S. 198, 204 (1999) (holding that a discovery sanction under Rule 37[2] ordering payment of attorney fees was not a final order); *E. Maico Distrib'rs, Inc. v. Maico-Fahrzeugfabrik, G.m.b.H.*, 658 F.2d 944, 947-51 (3d Cir. 1981) (same). Only when a party refuses to comply with a discovery order and suffers a contempt finding may the party then obtain appellate review. *See In re Kujawa*, 323 F.3d 628, 630 (8th Cir. 2003); *In re Horizons, Inc.*, 689 F.2d 996, 1001 (11th Cir. 1982).

The order on appeal does not meet the elements for mandatory appellate jurisdiction. First, discovery orders are generally not final absent a finding of contempt; here, the underlying order concerns discovery, and the Bankruptcy Court has not issued a finding of contempt. Additionally,

---

[1] Most of the Third Circuit caselaw concerning finality arises in the context of review under 28 U.S.C. § 1291 of bankruptcy-related district court orders. However, district courts in this circuit use the same four-factor test when considering appeals from bankruptcy courts under 28 U.S.C. § 158(a). *See, e.g.*, *In re Marvel Ent. Group*, 209 B.R. 832, 836 (D. Del. 1997), *aff'd as to jurisdictional holding*, 140 F.3d 463, 470-71 (3d Cir. 1998).

[2] "Rule 37 [of the Federal Rules of Civil Procedure] applies in adversary [bankruptcy] proceedings." Fed. R. Bankr. P. 7037.

none of the factors in the four-party finality test favor a finding of finality: (1) this discovery order will have no direct impact the impact on the assets of the bankruptcy estate; (2) once the Debtor complies with the discovery order, the Bankruptcy Court may need to conduct further fact-finding depending on the contents of the redacted documents; (3) the discovery order will have only minimal issue preclusive effect but not claim preclusive effect; and (4) the interests of judicial economy are best served by allowing the Bankruptcy Court to manage its own discovery proceedings. Accordingly, the order on appeal is not a "final judgment, order, or decree," over which this Court possesses mandatory appellate jurisdiction.

B. **Discretionary Appellate Jurisdiction Over Interlocutory Bankruptcy Orders**

District courts have discretionary appellate jurisdiction over appeals "from other interlocutory orders and decrees." 28 U.S.C. 158(a)(3). To guide the exercise of their discretionary appellate jurisdiction, district courts use the criteria for certification of an interlocutory appeal under 28 U.S.C. § 1292(b). *See Jacobo v. BAC Home Loans Serv'g, LP*, 477 B.R. 533, 537 (D.N.J. 2012). That is to say,

> district courts will grant leave to file an interlocutory appeal when the [bankruptcy court's] order at issue: (1) involves a controlling question of law upon which there is (2) substantial grounds for difference of opinion as to its correctness, and (3) if appealed immediately, may materially advance the ultimate termination of the litigation.

*In re Phila. Newspapers, Inc.*, 418 B.R. 548, 557 (E.D. Pa. 2009), *aff'd as to jurisdictional holding*, 599 F.3d 298, 303 n.5 (3d Cir. 2010).

With regard to the first and third criteria,[3] a question of law is "controlling" if it is "serious to the conduct of the litigation, either practically or legally," and "would result in reversible error

---

[3] Courts tend to merge the "controlling question of law" criterion with the "materially advance the ultimate termination of the litigation" requirement. *Baron & Budd, P.C. v. Unsecured Asbestos*

upon final appeal." *Florence v. Bd. of Chosen Freeholders of Burlington Cty.*, 657 F. Supp. 2d 504, 508 (D.N.J. 2009). Decision of a "controlling" question will likely advance the ultimate termination of the litigation because an immediate appellate decision will result in the "saving of time of the district court and of expense to the litigants." *P. Schoenfeld Asset Mgmt. v. Cendant Corp.*, 161 F. Supp. 2d 355, 359 (D.N.J. 2001).

Courts narrowly interpret the second criterion. "A 'substantial ground for difference of opinion' must 'arise out of genuine doubt as to the correct legal standard.'" *FTC v. Wyndham Worldwide Co.*, 10 F. Supp. 3d 602, 634 (D.N.J. 2014) (quoting *Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996, 1001 (D.N.J. 1996)). "Mere disagreement with the district court's ruling" is insufficient to create "genuine doubt." *Interfaith Cmty. Org., Inc. v. PPG Indus.*, 702 F. Supp. 2d 295, 319 (D.N.J. 2010) (quoting *Kapossy*, 942 F. Supp. at 1001). Even conflicting decisions of other courts do not constitute a substantial ground for difference of opinion. *See Singh v. Daimler-Benz, AG*, 800 F. Supp. 260, 263 (E.D. Pa. 1992), *aff'd*, 9 F.3d 303 (3d Cir. 1993).

"However, these three criteria do not limit the Court's discretion to grant or deny an interlocutory appeal." *In re SemCrude, L.P.*, 407 B.R. 553, 557 (D. Del. 2009). To the contrary, "[l]eave to file an interlocutory appeal may be denied for reasons apart from this specified criteria, including such matters as the appellate docket or the desire to have a full record before considering the disputed legal issue." *Id.; see also Lopez v. Overtime 1st Ave. Corp.*, 252 F. Supp. 3d 268, 273 (S.D.N.Y. 2017) ("Such unfettered discretion [to grant or deny leave to appeal an interlocutory

*Claimants Comm.*, 321 B.R. 147, 157 (D.N.J. 2005); *Pub. Int. Rsrch. Grp. of N.J. v. Hercules, Inc.*, 830 F. Supp. 1549, 1557 (D.N.J. 1993).

order under § 1292(b)] can be for any reason, including docket congestion[4] and the system-wide costs and benefits of allowing the appeal." (quoting *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 530 (S.D.N.Y. 2014))). Additionally, the appellant "must . . . demonstrate that exceptional circumstances exist." *Phila. Newspapers*, 418 B.R. at 557 (quoting *SemCrude*, 407 B.R. at 557).

The Court declines to exercise its discretionary jurisdiction. First, this discovery issue concerning the unredacted portions of documents—and an accompanying award of attorney's fees—is not particularly critical to this litigation. The discovery issue relates only tangentially to the primary issues in the underlying bankruptcy adversary proceeding. Immediate appellate resolution would save no more than a *de minimis* amount of litigant resources, and then only if the Court resolved the question in the Debtor's favor (such that the Debtor need not go through the process of producing unredacted documents). Immediate appellate resolution would increase, not decrease, this Court's workload.

Second, there appears to be no "genuine doubt" about the proper legal standard at issue. Bankruptcy discovery permits inquiry into "to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004(b). The Debtor does not argue that this standard is incorrect; the Debtor merely disagrees with the Bankruptcy Court's determination that the redacted portions of documents come within the rule's scope.

Third, the Debtor has not demonstrated that this discovery dispute involves exceptional circumstances warranting an interlocutory appeal. The Debtor concedes that none of the redacted

---

[4] While the Court is cognizant of this basis for accepting or declining jurisdiction and finds it compelling in light of this District's judicial emergency, the decision to decline jurisdiction is primarily based on the reasons set forth below.

material is privileged; the Debtor argues only that it is irrelevant to the bankruptcy adversary proceeding. While the Debtor contends that the Bankruptcy Court's order will enable the Bank to harass him, the Debtor has made no showing that other protective orders on the Bank's use of the redacted information would fail to protect the Debtor.

Accordingly, the Court declines to exercise its discretionary jurisdiction over this appeal.

### III. CONCLUSION

For the reasons set forth above, this appeal is **DISMISSED FOR LACK OF JURISDICTION**, the Debtor's outstanding motion for stay pending appeal is **DISMISSED AS MOOT,** and the previously imposed stay of the Bankruptcy Court's order is **VACATED**. An appropriate Order will follow.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: March 29, 2019